1
2
3
4
5
6
7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

JAMES R. KNOWLES,

11                    Plaintiff,

12          v.

13

14    NAPA STATE HOSPITAL, et al.,

15                    Defendants.

16

17

Case No. 18-01637 EJD (PR)

**ORDER OF PARTIAL DISMISSAL
AND OF SERVICE; DIRECTING
DEFENDANTS TO FILE
DISPOSITIVE MOTION OR
NOTICE REGARDING SUCH
MOTION; INSTRUCTIONS TO
CLERK**

18          Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42

19    U.S.C. § 1983 against medical staff at the Napa State Hospital ("NHS").[1]  The Court

20    deemed the amended complaint filed on July 20, 2018, as the operative complaint and

21    conducted an initial screening.  (Docket No. 50.)  The Court dismissed the complaint with

22    leave to file a second amended complaint, to attempt to state a cognizable claim against

23    supervisor defendants.  (Id. at 3-4.)  Plaintiff filed a second amended complaint.  (Docket

24    No. 55.)

25    ///

26    ///

27

28    _____

[1] This matter was reassigned to this Court on April 10, 2018.  (Docket Nos. 8 & 9.)

1

**DISCUSSION**

2

**A.    Standard of Review**

3
A federal court must conduct a preliminary screening in any case in which a

4
prisoner seeks redress from a governmental entity or officer or employee of a

5
governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any

6
cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

7
upon which relief may be granted or seek monetary relief from a defendant who is immune

8
from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally

9
construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

10
To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

11
elements: (1) that a right secured by the Constitution or laws of the United States was

12
violated, and (2) that the alleged violation was committed by a person acting under the

13
color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

14

**B.    Plaintiff's Claims**

15
Plaintiff claims that since his arrival at NHS in April 2012, Dr. Michelle Martin, Dr.

16
Michael Glasser, Dr. Surulinathan Sanmakan, and Dr. Chong Yang have been illegally

17
drugging him without his consent, (Docket No. 55 at 3, 7-13), which he alleges amounts to

18
aggravated assault and battery, and that their actions resulted in great bodily injury,

19
including diabetes type 2, loss of vision, fibromyalgia diabetes, neuropathy, loss of

20
memory, and psychological and physical injury, (id. at 5).  Plaintiff seeks damages and

21
injunctive relief.  (Id. at 14.)

22
Plaintiff's claim that he does not suffer from a mental illness and therefore should

23
not have been forced to take psychotropic drugs, liberally construed, states a claim for the

24
violation of his liberty interest in freedom from unwanted antipsychotic drugs.  See

25
Washington v. Harper, 494 U.S. 210, 221-22 (1990); United States v. Ruiz-Gaxiola, 623

26
F.3d 684, 691 (9th Cir. 2010).  Although Plaintiff does not specifically identify Drs.

27
Martin, Glasser, Sanmakan, and Yang as Defendants in this action, his allegations indicate

28

2

1    that their alleged actions directly resulted in the violation of Plaintiff's due process rights.

2    Accordingly, the Court will liberally construe the complaint as naming them as Defendants

3    in this matter.

4        On the other hand, the second amended complaint expressly identifies two

5    Defendants: Pamela Ahlin, the Executive Director of Napa State Hospital who is

6    "responsible for the overall[l] operation of Napa State Hospital under its jurisdiction,

7    including for the welfare of all the patients," and Dr. Amarpreet Singh, the attending

8    doctor for Plaintiff who is "responsible for the care of patients on Unit T-12 at Napa State

9    Hospital." (Docket No. 55 at 5.) However, Plaintiff makes no specific factual allegations

10   against Director Ahlin. (Id. at 6-13.) Furthermore, the only factual allegations against Dr.

11   Singh is that he had a "few meetings" with Plaintiff to discuss treatment, and that he

12   allegedly asserted in the last meeting "that patient is okay with out psychotropic

13   medications," (id. at 12), which does not indicate that Dr. Singh was responsible for or

14   endorsed Plaintiff being forcefully drugged. By his description of their positions at the

15   Hospital, Plaintiff appears to be attempting to hold these Defendants liable based on their

16   supervisory positions.

17       Plaintiff was already advised of the standard for stating supervisor liability.

18   (Docket No. 50 at 3-4.) "In a § 1983 or a Bivens action – where masters do not answer for

19   the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious

20   liability, each Government official, his or her title notwithstanding, is only liable for his or

21   her own misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). A supervisor may be

22   liable under section 1983 upon a showing of (1) personal involvement in the constitutional

23   deprivation or (2) a sufficient causal connection between the supervisor's wrongful

24   conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th

25   Cir. 2012). However, under no circumstances is there respondeat superior liability under

26   section 1983. Or, in layman's terms, under no circumstances is there liability under section

27   1983 solely because one is responsible for the actions or omissions of another. See Taylor

28                                             3

1    v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home

2    Village, 723 F.2d 675, 680-81 (9th Cir. 1984).  Plaintiff has already been advised of this

3    standard for stating a claim of supervisory liability.  (Docket No. 50 at 3-4.)  Here, Plaintiff

4    has again failed to allege sufficient facts to show that Defendants Ahlin and Singh are

5    liable as supervisors based on their personal involvement or a causal connection because

6    their wrongful conduct and the constitutional violation.  Willden, 678 F.3d at 1003-04.

7    Plaintiff shall not be afforded another opportunity to do so.  See Wagh v. Metris Direct,

8    Inc., 363 F.3d 821, 830 (9th Cir. 2003); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.

9    1992).  Accordingly, Defendants Ahlin and Singh are DISMISSED from this action for

10   failure to state a claim against them.

11

12                                          **CONCLUSION**

13           For the reasons state above, the Court orders as follows:

14           1.      Defendants Pamela Ahlin and Dr. Amarpreet Singh are **DISMISSED** from

15   this action for failure to state a claim against them.  The Clerk shall terminate them from

16   this action.

17           2.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for

18   Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy

19   of the second amended complaint, (Docket No. 55), all attachments thereto, and a copy of

20   this order upon **Defendants Dr. Michelle Martin**, **Dr. Michael Glasser**, **Dr.**

21   **Surulinathan Sanmakan**, and **Dr. Chong Yang** at the **Napa State Hospital** (2100 Napa

22   Vallejo Hwy, Napa, CA 94558-6293).  The Clerk shall also mail a copy of this Order to

23   Plaintiff.

24           3.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil

25   Procedure requires them to cooperate in saving unnecessary costs of service of the

26   summons and the amended complaint.  Pursuant to Rule 4, if Defendants, after being

27   notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the

28                                              4

summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

4.      No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

a.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b.      **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See</u> <u>Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

5.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants'

5

1    motion is filed.

2    　　　Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and

3    Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment

4    must come forward with evidence showing triable issues of material fact on every essential

5    element of his claim).  Plaintiff is cautioned that failure to file an opposition to

6    Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to

7    the granting of the motion, and granting of judgment against Plaintiff without a trial.  See

8    Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18

9    F.3d 651, 653 (9th Cir. 1994).

10   　　　6.　　　Defendants shall file a reply brief no later than **fourteen (14) days** after

11   Plaintiff's opposition is filed.

12   　　　7.　　　The motion shall be deemed submitted as of the date the reply brief is due.

13   No hearing will be held on the motion unless the Court so orders at a later date.

14   　　　8.　　　All communications by the Plaintiff with the Court must be served on

15   Defendants, or Defendants' counsel once counsel has been designated, by mailing a true

16   copy of the document to Defendants or Defendants' counsel.

17   　　　9.　　　Discovery may be taken in accordance with the Federal Rules of Civil

18   Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local

19   Rule 16-1 is required before the parties may conduct discovery.

20   　　　10.　　It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

21   court informed of any change of address and must comply with the court's orders in a

22   timely fashion.  Failure to do so may result in the dismissal of this action for failure to

23   prosecute pursuant to Federal Rule of Civil Procedure 41(b).

24   　　　11.　　Extensions of time must be filed no later than the deadline sought to be

25   extended and must be accompanied by a showing of good cause.

26   ///

27   ///

28   　　　　　　　　　　　　　　　　　　6

**IT IS SO ORDERED.**

Dated: __4/1/2019_____



EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28